# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
MICHELLE LEON,                      *
                                    *
                  Petitioner,       *      No. 15-1360V
                                    *      Special Master Christian J. Moran
v.                                  *
                                    *      Filed: May 16, 2023
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
                  Respondent.       *      Reopening
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Randall G. Knutson, Knutson and Casey Law Firm, Mankato, MN 56001, for petitioner;
Neil Bhargava, United States Dep't of Justice, Washington, DC, for respondent.

### ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT[1]

On August 15, 2016, the parties agreed to a lump sum payment of $65,000 as a settlement of petitioner's injury claim. A judgement adopting the parties' stipulation was entered on August 17, 2016. On October 6, 2022, petitioner filed a motion for relief from judgement pursuant to Vaccine Rule 36 and Rule 60(b) of the Rules of the United States Court of Federal Claims (RCFC), following a newly developed medical syndrome that petitioner claims to have resulted from the same vaccine administration at issue in petitioner's resolved 2016 vaccine claim.

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Order will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted in the website.

For the reasons set forth below, petitioner's motion is **DENIED**.

## I.    Relevant Procedural History and Recent Medical Diagnosis

On November 12, 2015, Michelle Leon ("Petitioner") filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act" or the "Program"), 42 U.S.C. § 300aa-10 et seq. (2012).  Petitioner alleged that she developed Guillain-Barre Syndrome ("GBS") as a result of the influenza vaccine administered on October 31, 2014.  The parties resolved the case, stipulating to a lump sum agreement of $65,000 as a settlement related to petitioner's GBS injury.  The stipulation also stated the following:

> [Respondent is] forever, irrevocably and unconditionally release[d], aquit[ted], and discharg[ed] . . . from any and all actions or causes of action . . . [which] could have been brought . . . in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries . . . resulting from, or alleged to have resulted from, the flu vaccine administered [to Petitioner]
> * * *
> [A] change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

Stipulation, filed Aug. 15, 2016, ¶¶ 13, 16.

This court adopted the stipulation, and judgment was entered on August 17, 2016.

Four years after the resolution of petitioner's GBS claim, petitioner was diagnosed with chronic immune demyelinating polyradiculopathy (CIDP) on September 15, 2020.  Pet'r's Mot. To Reopen at 1-2.  Prior to her diagnosis, she was hospitalized in March of 2020 due to "numbness and tingling in her fingers and toes that progressed up her legs and arms to her abdomen and chest."  Id.  Petitioner also experienced "difficulty walking, weakness in her arms and legs and some bowel and bladder dysfunction."  Id. at 2.  Petitioner received IVIG, a PT plan, and was prescribed Gabapentin.  Id.  In June of 2020, Petitioner was "treated for

paresthesias, numbness and episodes of dropping items."  Id.  Petitioner has been hospitalized twice for her CIDP symptoms following her September 2020 CIDP diagnosis, and has since experienced "tingling, numbness, weakness in her extremities, difficulty walking, and episodes of dropping items."  Id.

On October 6, 2022, petitioner filed a motion for relief from judgement to reopen the assessment of damages.  Petitioner cites Vaccine Rule 36, Appendix B to the Rules of the United States Court of Federal Claims, and to Rule 60(b) of the Rules of U.S. Federal Court of Claims. Id. at 2.  Petitioner specifically cites 60(b)(6) as the applicable law under which to reopen her case.  Id. at 4.

The Secretary opposed reopening the case.  Resp't's Resp., filed Dec. 8, 2022.

## II.      Applicable Legal Standards

Vaccine Rule 36, Appendix B to the RCFC permits a party to seek relief from a judgement.  "Rule 60(b) of the RCFC provides an 'exception to finality,' that 'allows a party to seek relief from a final judgement, and request reopening of [a petitioner's] case, under a limited set of circumstances.'"  Kennedy v. Sec'y of Health & Hum. Servs., 99 Fed. Cl. 535, 540 (2011) (citations omitted), aff'd, 485 F. App'x 435 (Fed. Cir. 2012).  Rule 60(b) provides grounds for relief from a final judgement, order or proceeding for the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect;
> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
> (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) The judgement is void;
> (5) The judgement has been satisfied, released or discharged; it is based on an earlier judgement that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

A motion under Rule 60(b)(1) – (3) must occur within one year of the entry of the judgement or order.  Rule 60(b)(6) is a "catchall," intended to prevent a "grave miscarriage of justice."  Kennedy, 99 Fed. Cl at 540 (quoting U.S. v. Beggerly, 524 U.S. 38, 47 (1998)).  For Rule 60(b)(6) to apply, the "grounds asserted for relief must not be the same as those listed in [RCFC] 60(b)(1)-(5)."  Q Integrated Cos., LLC v. United States, 131 Fed. Cl. 125, 132 (2017).  Additionally, there must be a showing of "extraordinary circumstances."  Klapprott v. United States, 335 U.S. 601, 613-14 (1949); but cf. Ackerman v. United States, 340 U.S. 193, 202 (1950).  Such extraordinary circumstances must have "prevented [the filing party] from taking timely action to prevent or correct an erroneous judgement."  Q Integrated Cos., LLC, 131 Fed. Cl. at 132.  This Court grants relief under 60(b)(6) where "substantial rights of a party would be violated absent relief."  Kollasch v. Sec'y of Health and Hum. Servs., No. 10-717V, 2021 WL 1728714 at *4 (Fed. Cl. Spec. Mstr. April 7, 2021); see also Freeman v. Sec'y of Health and Hum. Servs., 35 Fed. Cl. 280, 281, 284 (1996) (finding that "reopening of the case [was] in the interest of justice" because petitioners were misled by their attorney, resulting in dismissal and a "substantial time period during which the petitioners failed to learn of the dismissal"); Coleman v. Sec'y of Health and Hum. Servs., No. 06-0710, 2011 WL 6828475 at *4, *6 (Fed. Cl. Spec. Mstr. Dec. 7, 2011) (preventing "harm to substantial rights of petitioner that would result if the requested relief were not granted" following counsel's "noncompliance and untimeliness").

Rule 60 is not an avenue to "relitigate claims that have already been decided" because "then no decision would ever be final."  Rogero v. Sec'y of Health and Hum. Servs., 143 Fed. Cl. 21, 27 (2019).  In fact, Congress specifically repealed the provision of the Vaccine Act that allowed for future revision of awards in 1987.  See Neher by Neher v. Sec'y of Health and Hum.

Servs., 984 F.2d 1195, 1200 (Fed. Cir. 1993). This congressional amendment demonstrates

Congress's "intent to limit vaccine petitioners' entitlement to compensation to costs that can be

reasonably anticipated at the time of the award." Id. The Court of Federal Claims has

previously explained:

> Although Congress initially intended in the first version of the
> Vaccine Act to provide for later revisions of awards in the Vaccine
> Program after judgement had entered, in 1987, Congress
> eliminated from the Vaccine Act the provision permitting post-
> judgement revisions of awards. Thus, congressional intent clearly
> is to limit the sovereign's waiver of immunity to awards that are
> made at the culmination of the legal proceeding begun with the
> filing of a vaccine petition.

McCollum v. Sec'y of Health and Human Servs., No. 94-136V, 2009 WL
2524190, at *8 (Fed. Cl. July 27, 2009).

## III.     Petitioner's motion is denied.

Petitioner requests that her settled claim be reopened for reevaluation of compensation to

include petitioner's 2020 CIDP diagnosis. Petitioner submits that her claim is "legally tenable"

and thus "meritorious" under Rule 60(b) because allowing petitioner "the chance to receive

compensation from the Vaccine Injury Compensation Program for injuries unknown at the time

of her previous vaccine settlement would serve a substantial justice given Petitioner's ongoing

and considerable medical bills and challenges related to CIDP caused by a vaccine." Pet'r's

Mot. at 4. Petitioner likens her case to Cabrera v. Sec'y of Health & Hum. Servs., No. 13-598V,

2019 WL 4898479 (Fed. Cl. Spec. Mstr. Sep. 10, 2019), in which this court permitted reopening

of a case under Rule 60(b) because the petitioner "suffered a relapse of the injury at issue, which

necessitate[d] additional future medical care." Id. Petitioner considers her CIDP diagnosis a

comparable "relapse and exacerbation of her vaccine injury" that requires further medical care.

However, as respondent contends, the petitioners in Cabrera moved for relief from judgement

*one day prior* to the settlement's dispensation in light of new evidence, whereas petitioner in this case moves to reopen a settled judgement *six years after* receiving payment. The lapse of time in this case is significant and dissimilar to <u>Cabrera</u> and bars this court from reopening petitioner's claim because entry of judgement closes a case.

Respondent contends that denial of petitioner's request to reopen this case would not "result in a grave miscarriage of justice" required under Rule 60(b)(6) because petitioner "made a deliberate choice in 2016, with the advice of her counsel, to agree to a lump sum payment." Resp't's Resp. at 4. Thus, "it is not a miscarriage of justice to hold [petitioner] to that voluntary agreement." <u>Id.</u> Respondent's argument is persuasive, as it is not within this Court's purview to reopen a settlement which, by that settlement's terms, petitioner has clearly stipulated to not reopening. <u>See</u> <u>Kenzora v. Sec'y of Health and Hum. Servs.</u>, 126 Fed. Cl. 588, 598 (Fed. Cl. 2016) (finding that petitioner who moved to reopen his case to adjust for burdensome care expenses following a settlement with HHS "failed to show changed circumstances that warrant relief" under 60(b) because "the fact that petitioner's actual cost of care is higher than anticipated is not a change circumstance that warrants relief under RCFC 60(b)(5)"); <u>see also</u> <u>McCollum v. Sec'y of Health and Hum. Servs.</u>, 91 Fed. Cl. 86, 93-94 (2010) (stating that Congress "intended that a change in the health of the awardee would not constitute an extraordinary circumstance that would permit amendment of an earlier damages award"), <u>aff'd</u>, 412 Fed. Appx. 307 (Fed. Cir. 2011). Here, petitioner explicitly agreed that a "change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise" the agreement. Stipulation, filed Aug. 15, 2016, ¶ 16. Therefore, petitioner's newly developed CIDP condition is not grounds to modify her 2016 settlement.

Lastly, Congress has adjusted the Vaccine Act in such a way as to prevent the modification of awards. While the purpose of the Vaccine Act is to "provide a no-fault compensation system for vaccine-related injuries," Congress's amendment of the Act provides guidance to this court preventing the reopening of settlements, which does not impede the Vaccine Program's "broad goals" of injury compensation. Accordingly, Congress's action further prevents this court from reopening petitioner's settlement to modify petitioner's award.

**IV.      Conclusion**

While petitioner's new CIDP diagnosis is a burden, the undersigned cannot reopen petitioner's settled claim. For the reasons presented above, petitioner's motion for relief from judgement is **DENIED**.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master