# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
MICHELLE LEON,                  *
                                *
          Petitioner,           *     No. 15-1360V
                                *     Special Master Christian J. Moran
v.                              *
                                *     Filed: August 15, 2023
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
          Respondent.           *
* * * * * * * * * * * * * * * * * * * *

Randall G. Knutson, Knutson and Casey Law Firm, Mankato, MN, for petitioner;
Neil Bhargava, United States Dep't of Justice, Washington, DC, for respondent.

## ORDER DENYING PETITIONER'S MOTION FOR SUPPLEMENTAL FEES[1]

Represented by Attorney Randall Knutson, Michelle Leon sought to reopen an August 17, 2016 judgment that awarded her compensation pursuant to the parties' stipulation. Ms. Leon's request was denied. She now seeks attorneys' fees for this unsuccessful effort and the Secretary has interposed an objection. For the reasons explained below, Ms. Leon's motion is denied.

\*   \*   \*

A brief summary of the underlying events is as follows. On August 15, 2016, the parties agreed to a lump sum payment of $65,000 as a settlement of Ms. Leon's claim that a flu vaccine caused her to suffer Guillain-Barré syndrome. A

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Order will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

decision adopted the parties' stipulation. Entitlement Decision, issued Aug. 15, 2016, 2016 WL 4710086. The stipulation provided:

> [Respondent is] forever, irrevocably and unconditionally release[d], aquit[ted], and discharg[ed] . . . from any and all actions or causes of action . . . [which] could have been brought . . . in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries . . . resulting from, or alleged to have resulted from, the flu vaccine administered [to Petitioner]
>
> * * *
>
> [A] change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

Stipulation, filed Aug. 15, 2016, ¶¶ 13, 16. Judgment based upon the decision was entered on August 17, 2016. Ms. Leon later received an award of attorneys' fees and costs. Fee Decision, issued Sep. 13, 2016 (awarding Mr. Knutson $18,013.86 in attorneys' fees and costs).[2]

Ms. Leon's medical condition arguably worsened unexpectedly. She sought to reopen the judgment. Pet'r's Mot., filed Oct. 6, 2022. The Secretary opposed the motion to reopen the judgment. Ms. Leon's motion was denied. 2023 WL 5156354 (Fed. Cl. Spec. Mstr. May 16, 2023).

Ms. Leon's pending motion seeks an award of attorneys' fees of $5,139.00. (Ms. Leon did not request an award of costs.) Pet'r's Supp'l Fee Mot., filed June 7, 2023, at 1.[3] These fees began to incur on May 4, 2022. Id., attachment 3 (timesheets). In her motion, Ms. Leon did not present any argument regarding her entitlement to supplemental fees.

The Secretary opposed any award of supplemental fees. The Secretary maintained that her claim to reopen the judgment lacked reasonable basis. Resp't's Opp'n, filed June 21, 2023, at 8. The Secretary also made public policy arguments against funding unsuccessful attempts to reopen judgments. Id. at 9-10.

---

[2] The Fee Decision appears not available in any public sources.

[3] Ms. Leon's June 7, 2023 motion can be labeled a "supplemental" motion because she has already received an award of attorneys' fees and costs on September 13, 2016.

Despite these arguments, Ms. Leon did not reply within the time permitted by the Vaccine Rules. Thus, the motion is ready for adjudication.

\* \* \*

As the Secretary noted, "[f]ew cases in the Vaccine Program have considered the question of attorney fees in the context of a petitioner's motion for relief pursuant to [Court of Federal Claims's] Rule 60(b)." Resp't's Opp'n at 6. On at least one occasion, the Secretary did not contest an award of attorneys' fees on a motion to reopen. M.D. by Dilascio v. Sec'y of Health & Hum. Servs., No. 10-611V, 2022 WL 3134356 (Fed. Cl. Spec. Mstr. July 11, 2022).[4]

The Secretary offers this method of analysis: "In a closed case, where judgment has already entered, and fees have already been paid, a motion to reopen a case pursuant to Rule 60(b) must have an *independent* reasonable basis." Resp't's Opp'n at 6 (emphasis in original). The Secretary does not cite any authorities and the Secretary's proposal may (or may not) be accurate.

Ms. Leon, as noted, has not replied to the Secretary's argument. Thus, an assessment of the legal standards can wait for a case in which both parties develop meaningful arguments.

An award of attorneys' fees to Ms. Leon for submitting her October 6, 2022 motion to reopen is not reasonable. In resolving the underlying dispute, the parties agreed that a change in condition could not be a basis to reopen the judgment. Stipulation, filed Aug. 15, 2016, ¶¶ 13, 16. In light of this explicit language, the October 6, 2022 motion was frivolous. Thus, Ms. Leon's June 7, 2023 motion for attorneys' fees is DENIED.

\* \* \*

The Clerk's Office is instructed to enter judgment in accordance with this decision unless a motion for review is filed. Information about filing a motion for review, including the deadline, can be found in the Vaccine Rules, available through the Court's website.

---

[4] In Dilascio, the underlying motion to reopen was based upon an allegation that an attorney, who was later disbarred, abandoned his clients.

3

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

4